UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GILES,

          Plaintiff,         Civil Action No. 14-11553
                                     Honorable Mark A. Goldsmith
                                     Magistrate Judge David R. Grand

    v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO
PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS [2]**

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [2] be **DENIED**.

**II.    REPORT**

Before the Court is Plaintiff Dennis Giles' Application to Proceed in District Court without Prepaying Fees or Costs. (Doc. #2). An Order of Reference was entered on April 23, 2014, referring this case to the undersigned for all pretrial purposes. (Doc. #4). This Report and Recommendation is issued pursuant to *Woods v. Dahlberg*, 894 F.2d 197 (6th Cir. 1990) (holding that magistrate judges lack authority to deny pauper status).

28 U.S.C. §1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees ("*in forma pauperis*" or "IFP") provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. §1915(a)(1). An affidavit in support of an IFP application is sufficient if it states that one

cannot, because of his poverty, afford to pay for costs of litigation and still provide himself and his family the necessities of life. *See Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948). Proceeding IFP is "a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

"In determining IFP eligibility, 'courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess.'" *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014) (quoting *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006)). Having examined Giles' application, the Court concludes that his claim of financial hardship is not supported. Giles indicates that he is "retired," that his take-home wages are $378 per month, and that he has received no other income in the past twelve months. (Doc. #2 at 1). However, Giles indicates that he has $1,478,000 in cash or in a checking/savings account, and he has no debts or financial obligations. (*Id.* at 2).

The Court finds that these statements are insufficient to demonstrate poverty as required to proceed without payment of the filing fee, because they do not show that Giles lacks the funds to pay the required filing fee. Financial ability has been found, and thus IFP applications denied, where the applicant's assets were far less than those shown in Giles' application. *See, e.g., Brown v. Dinwiddle*, 280 F. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff had $850 in his savings account and thus could afford the $455 filing fee for his appeal); *Powell v. Harris*, 2008 WL 4279494, at *3 (N.D.N.Y. Sept. 15, 2008) (denying IFP application where the plaintiff earned $18,200 per year and had $1,500 in his savings account).

## III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Giles' Application to

Proceed in District Court without Prepaying Fees or Costs [2] be **DENIED**.

| | |
|---|---|
| Dated: April 24, 2014 | s/David R. Grand |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 24, 2014.

                                                   s/Felicia M. Moses
                                                   FELICIA M. MOSES
                                                   Case Manager